IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NORMAN E. LACEY, | ) |
| Plaintiff | ) |
| v. | ) |
| | ) **PLAINTIFF DEMANDS TRIAL** |
| | ) **BY STRUCK JURY** |
| CITY OF AUBURN, | ) |
| Defendant | ) 3:06cv1145-MEF |

## COMPLAINT

**I.   JURISDICTION**

1. This is a suit authorized and instituted pursuant to the Act of Congress known as "The Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq., and the Alabama Age Discrimination in Employment Act Code of Alabama § 25-1-22 et. seq. Plaintiff, Norman Lacey (hereinafter "Lacey" or "Plaintiff"), is an individual who seeks declaratory, injunctive, and other relief to redress deprivation by Defendant of his right to be free of discriminatory employment practices.

2. The discriminatory employment actions complained of herein were committed, and are being committed, within the State of Alabama.

**II.   ADMINISTRATIVE EXHAUSTION**

3. Plaintiff Lacey filed a Charge of Discrimination (420-2006-03522) with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, City of Auburn (hereinafter "City") within 180-days of the last discriminatory act.

4. On October 5, 2006, the EEOC issued a "Dismissal and Notice of Rights" to Lacey and he

is filing this lawsuit less than ninety (90) days after receiving his Notice of Right to Sue.

### III. PARTIES

5.  Plaintiff, Norman Lacey, is a citizen of the United States over the age of 19 and a resident of the State of Alabama. Plaintiff is over the age of forty (40).

6.  Defendant, City of Auburn, is a governmental entity subject to suit under the "Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq. and the Alabama Age Discrimination in Employment Act Code of Alabama § 25-1-22 et. seq. Defendant employs more than fifteen employees.

### IV. FACTS

7.  The Plaintiff re-alleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out in specific detail herein below.

8.  Plaintiff was employed by the City of Auburn in its Water Resources Management Department on August 2, 1998 as a Water Plant Operator. Plaintiff received this position because of his approximately 26 years of experience in the water utility business. Plaintiff also possessed a Grade-4 Water Operators Certificate, a Grade 4 Wastewater Operators Certificate and a Master Plumber's License.

9.  The State of Alabama requires that all Water Plant Operators be certified by them before being allowed to operate a water treatment plant. Plaintiff was the only applicant for the vacant Water Plant Operator position that had such a certification and his level of certification exceeded the required certification level. Plaintiff, was told by Tony Segrist that in spite of his experience, all new employees were required to start at the bottom of the pay scale, which was $10.00 per hour. In October 2005, Plaintiff was promoted to the position of Chief Operator.

10.     In December of 2005, Plaintiff learned that Distribution System manager, Tony Segrist, had resigned his employment. Plaintiff was very interested in applying for this position and waited for the job to be announced by the City of Auburn. An announcement was never posted on the bulletin board in the plant for the position.

11.     On January 11, 2006, the position was posted on the official website for the City of Auburn (www.auburnalabama.org). Plaintiff submitted his application the following day, Thursday, January 12, 2006.

12.     After submitting his application the Plaintiff received a copy of the job description and salary. Plaintiff immediately noticed that the job description was incorrect and included duties that had already been deemed not applicable to the position.

13.     In March 2006, Plaintiff was at home on sick leave when he received a phone call from the Defendant requesting him to report for an interview on Friday, April 7, 2006 at 2 pm. Plaintiff met with Scott Cummings, the Director, who led him to a conference room with seven fellow employees of the water system. These individuals were considerably younger than the Plaintiff and he had never worked with any of them.

14.     After Plaintiff entered the room, one of the individuals began shaking his head "no" and continued to make negative gestures and comments as the interview proceeded. Plaintiff was asked at least one question by each member of the group and answered each to the best of his ability. Plaintiff left the interview with the impression that he had done well.

15.     Plaintiff heard nothing further about the job for several weeks until Saturday, May 7, 2006 when he observed that the job announcement had been removed from the City of Auburn website.

16. On the morning of May 9, 2006, Plaintiff went to his job at the water plant and mentioned to the operator on duty, Martin Squires, that the position was no longer listed as open. Squires then informed Plaintiff that their immediate supervisor, Rick McCarty, had told him that they had filled the position.

17. Squires further informed the Plaintiff that the City had hired a man who had been working as a store manager of some kind and who had no water utility experience. Plaintiff then asked McCarty why the City had hired someone with no water utility experience when at that time he had 30 years of experience in the water utility business and had performed successfully in a position similar to the contested job at other places.

18. McCarty told Plaintiff that the "learning curve" on the contested job was going to be fairly steep and that the promoting officials didn't think Plaintiff could handle it. Further, Plaintiff was told that he was "a better fit" in his current job.

19. On May 19 2006, Plaintiff again confronted McCarty to talk about the contested position and was told by McCarty that he was not in the line for promotion and there would be no real opportunity for advancement for him. McCarty went on further to state the City had wanted someone that "would be with them for a long time." This was a direct reference to the Plaintiff's age. The position the Plaintiff was denied paid double the salary of the position he was occupying at that time.

V.   COUNTS

A.   **AGE DISCRIMINATION IN EMPLOYMENT**

20. The Plaintiff re-alleges and incorporates by reference paragraphs 1-19 above with the same force and effect as if fully set out in specific detail hereinbelow.

21. Plaintiff was subjected to unequal treatment regarding hisr employment because of his

4

age. Defendant discriminates on the basis of age in promotion and other terms and conditions of employment.

22. As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

**B.   AGE DISCRIMINATION IN EMPLOYMENT UNDER ALABAMA CODE § 25-1-22 et. seq**

23. The Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above with the same force and effect as if fully set out in specific detail hereinbelow.

24. Plaintiff was subjected to unequal treatment regarding his employment because of his age. Defendant discriminates on the basis of age in hiring and other terms and conditions of employment.

25. As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621, et seq. and the Alabama Age Discrimination in Employment Act Code of Alabama § 25-1-22.

2. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Plaintiff's rights.

3. Enter an Order requiring the Defendant to make the Plaintiff whole by granting his appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal and/or compensatory, liquidated damages, and other benefits of employment.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
Roderick T. Cooks
ASB-5819-078R
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS**
Norman Lacey
c/o WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESSES**
City of Auburn
Auburn City Hall
144 Tichenor Avenue
Auburn, AL 36830
Tel.:   334-501-7260