IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NORMAL E. LACEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 3:06-CV-1145-MEF |
| ) | |
| CITY OF AUBURN, ) | |
| ) | |
| Defendant. ) | |

# SECOND AMENDED ANSWER

**COMES NOW**, the Defendant City of Auburn and herewith files this its Second Amended Answer to Plaintiff's Complaint:

I.  **JURISDICTION**

    1.  To the extent that an answer is required by Defendant to this paragraph, Defendant denies paragraph 1.

    2.  Defendant denies the allegations of paragraph 2.

II. **ADMINISTRATIVE EXHAUSTION**

    3.  Defendant denies the allegations of paragraph 3.

    4.  This Defendant denies the EEOC issued a "Dismissal and Notice of Rights" letter to Plaintiff against the Defendant City of Auburn and, therefore, denies the allegations of paragraph 4.

III. **PARTIES**

    5.  On information and belief, this Defendant admits the allegations of paragraph 5.

6. This Defendant admits that it is a governmental entity and further admits that it employs more than fifteen (15) employees; otherwise, this Defendant denies the allegations of paragraph 6.

## IV. FACTS

7. This Defendant realleges and incorporates by reference paragraphs 1-6 above as if set out fully herein.

8. This Defendant denies the allegations of paragraph 8.

9. This Defendant denies the allegations of paragraph 9.

10. This Defendant denies the allegations of paragraph 10.

11. This Defendant denies the allegations of paragraph 11.

12. This Defendant denies the allegations of paragraph 12.

13. This Defendant denies the allegations of paragraph 13.

14. This Defendant denies the allegations of paragraph 14.

15. This Defendant denies the allegations of paragraph 15.

16. This Defendant denies the allegations of paragraph 16.

17. This Defendant denies the allegations of paragraph 17.

18. This Defendant denies the allegations of paragraph 18.

19. This Defendant denies the allegations of paragraph 19.

## V. COUNTS

### A. AGE DISCRIMINATION IN EMPLOYMENT

20. This Defendant realleges and incorporates by reference paragraphs 1-19 above as if fully set out herein.

21. This Defendant denies the allegations of paragraph 21.

22. This Defendant denies the allegations of paragraph 22.

**B.**   **AGE DISCRIMINATION IN EMPLOYMENT UNDER ALABAMA CODE §25-1-22, et seq.**

23. This Defendant realleges and incorporates by reference paragraphs 1-22 above as if fully set out herein.

24. This Defendant denies the allegations of paragraph 24.

25. This Defendant denies the allegations of paragraph 25.

**VI.**   **PRAYER FOR RELIEF**

This Defendant denies that Plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

Defendant denies each allegation not specifically admitted herein and demands strict proof of same.

### SECOND AFFIRMATIVE DEFENSE

Defendant denies it was Plaintiff's employer as defined by 42 U.S.C. §2000(e).

### THIRD AFFIRMATIVE DEFENSE

Defendant avers that the Complaint and each count fail to state a cause of action entitling Plaintiff to relief.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies Plaintiff has been wronged and denies Plaintiff is entitled to any relief.

### FIFTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff did not suffer an illegal adverse employment

action.

## SIXTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff did not engage in protected activity prior to his last date of employment.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant avers this Court lacks subject matter jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant avers Plaintiff did not timely file a Charge of Discrimination.

## NINTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff has not met the preconditions for maintenance of an ADEA suit.

## TENTH AFFIRMATIVE DEFENSE

Defendant avers this suit is not timely filed.

## ELEVENTH AFFIRMATIVE DEFENSE

All Plaintiff's claims, as alleged in his Complaint, which occurred more than one hundred and eighty (180) days prior to the filing of his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. § 2000(e).

## TWELFTH AFFIRMATIVE DEFENSE

Defendant avers Plaintiff cannot pursue any claim that is not "like or related" to the claims raised in his original Charge of Discrimination which is the statutory predicate for those claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that the Plaintiff's claims are barred in that Plaintiff failed to satisfy the jurisdictional prerequisite for maintenance of any such action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant pleads estoppel and/or laches and/or waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant avers Plaintiff's own actions or inactions caused or contributed to any injury or damage hence Plaintiff is barred from recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant avers that all employment decisions were made on a legitimate, non-discriminatory, and permissible basis.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants aver that all employment decisions were based on a reasonable and rational basis.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies the existence of any custom or policy that allegedly resulted in the violation of Plaintiff's rights.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant pleads immunity.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant denies that it discriminated against the Plaintiff. However, if the fact finder reaches a contrary conclusion, the Plaintiff cannot establish that he was damaged or injured by any action of this Defendant since the same decisions would have been made absent any impermissible consideration.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant pleads the statutory cap applicable to any claim for damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff has not met the pre-conditions necessary for maintenance of a lawsuit against a municipality.

/s/ *Randall Morgan*
Randall Morgan [MORG8350]
Attorney for Defendant City of Auburn

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 13th day of August, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Roderick E. Cooks, Esq.
Winston Cooks, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

                                        /s/ *Randall Morgan*
                                        OF COUNSEL