IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN E. LACEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 3:06-CV-1145-MEF |
| | ) | |
| CITY OF AUBURN, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Now pending before the court is the parties' joint motion for a protective order (doc. # 19). Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a protective order (doc. # 19) be and is hereby GRANTED.

Pursuant to the Federal Rules of Civil Procedure 26(c), for good cause shown by agreement of all parties, it is further

ORDERED as follows:

1.  Plaintiff has requested documents containing confidential personnel information regarding current employee Kyle Hildreath. To protect the privacy interests of individuals not parties to this action and the proprietary interests of Defendant, such documents, and only such documents, shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of Plaintiff or his counsel shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order.

2.  All documents designated "CONFIDENTIAL INFORMATION" shall be

identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

3.  Plaintiff and his counsel shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by Defendant, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by Plaintiff's counsel in connection with this action; court personnel, court reporters; and person noticed for depositions or potential trial witnesses only to the extent reasonably necessary in preparing to testify in this lawsuit and said use or disclosure shall be further restricted as stated in section 4 below. Plaintiff and his counsel shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

4.  Plaintiff's counsel acknowledges and understands that Defendant's demand that personnel files, and the substantive information contained in those files such as salary, and benefits, be held in the strictest of confidence, specifically includes confidentiality between and from employees or agents of the Defendant. Plaintiff's counsel agrees to not question any employee about, or disclose to any employee, the salary, and benefits information from any other employee's personnel file without first seeking approval from the Court as set out herein below (or through agreement with counsel). Plaintiff's counsel agrees that such disclosure would cause irreparable harm to Defendant and agrees that a breach of this agreement will result in damages being awarded against Plaintiff in favor of Defendant by the Court. Plaintiff's counsel may question individual employees about their personnel file information and may question Defendant's designated Corporate Representative about said information without violating this Protective Order.

5.  The employees, experts and consultants of Plaintiff's counsel to which such

CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. These employees, experts and consultants shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show or otherwise divulge any CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court.

6. Two years from the final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this order shall destroy (or return to counsel for Defendant) all CONFIDENTIAL INFORMATION, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by Plaintiff's counsel, except those items compromising any appellate record, trial court record, privileged communications or attorney work produce. Plaintiff's counsel shall maintain all CONFIDENTIAL INFORMATION in a sealed envelope for a period of two years after the final termination of this action. After this two year period has elapsed, counsel for Plaintiff shall certify to counsel for Defendant that all such documents required to be destroyed or returned have been destroyed or returned. Such certification shall be made within 10 days of the destruction or return of the CONFIDENTIAL INFORMATION.

7. Before prior approval for further disclosure of CONFIDENTIAL INFORMATION is sought from the Court, counsel for Plaintiff must confer with counsel for Defendant and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

8. If Plaintiff or Plaintiff's counsel is served with a subpoena for any CONFIDENTIAL INFORMATION, the person served shall give to counsel for Defendant seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any CONFIDENTIAL INFORMATION demanded in the subpoena.

9. Nothing in this Order shall prejudice Defendant's right to make any use of, or disclose to any person, any material it has designated as CONFIDENTIAL INFORMATION, during the course of its normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any CONFIDENTIAL INFORMATION.

10. Nothing in this Order shall prevent or affect the right of any party to use any CONFIDENTIAL INFORMATION at trial; however, the parties will approach the Court regarding the procedures for handling CONFIDENTIAL INFORMATION prior to the commencement of trial.

Done this 10th day of January, 2008.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE