IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN E. LACEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-cv-1145-MEF |
| | ) | |
| CITY OF AUBURN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On December 27, 2006, Plaintiff Norman E. Lacey (hereinafter "Lacey"), commenced

this discrimination action against the City of Auburn (hereinafter "Defendant").  Lacey

brings this action pursuant to the Age Discrimination in Employment Act, as amended, 29

U.S.C. § 621 *et seq.* (hereinafter "ADEA") and the Alabama Age Discrimination in

Employment Act, Ala. Code § 25-1-22, *et seq.*  Lacey requests a trial by jury and seeks the

following relief: declaratory relief, permanent injunctive relief, nominal damages, liquidated

damages, compensatory damages, compensatory leave, attorney fees and costs.[1]  This cause

is before the Court on the Motion for Summary Judgment of Behalf of Defendant (Doc. #

---

[1] Defendant contends that Lacey also seeks punitive damages and that such damages
are not available as a matter of law.  The Court cannot find any request for such damages in
the Complaint.  The Court cannot grant Defendant's motion for summary judgment on a
claim not contained in the lawsuit.  Accordingly, to the extent that the motion for summary
judgment is based on the contention that punitive damages may not be recovered from a
municipality, the motion is due to be DENIED.

14). For the reasons set forth below, the motion is due to be DENIED.

## II. JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant to 29 U.S.C. § 626(c)(1) (ADEA jurisdiction statute) and 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). The parties do not contest personal jurisdiction, and the Court finds adequate allegations in support of personal jurisdiction. Venue is proper because all alleged events occurred in the Middle District of Alabama.

## III. FACTS

The Court has carefully considered all deposition excerpts, affidavits, and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts:

Lacey's date of birth is August 10, 1948. Lacey has a two-year degree in Water and Waste Water Management. He also spent two years studying civil engineering. He holds several certificates relating to water and waste water treatment and a Master Plumber's license. At the time he applied for the Water Distribution Manager's position at issue in this lawsuit, he had worked for over thirty years in the water utility business in a variety of capacities, including hourly and managerial positions.

In 1999, Lacey filled out a City of Auburn Employment Application for the position of Water Plant Operator. After interviewing twice, Lacey was offered a position as a Water Plant Operator in August. Lacey later received various documents from the City of Auburn

Human Resources Department.  Some of these documents referred to him as an employee of the City of Auburn.  The City of Auburn also provided certain benefits to Lacey.  In December of 2005, Lacey was promoted to the position of Chief Operator.  By virtue of this promotion, his duties increased.

In early 2006, the City of Auburn advertised a job vacancy for the Water Distribution Manager's position.  Lacey applied for the position.  At some point after Lacey applied, the job description for the Water Distribution Manager's position was changed.  The duty of being responsible for water plant operations was removed.  The Director of the Water Resource Management Department, Scott Cummings ("Cummings") received applications for the Water Distribution Manager's position. Working with the interview committee which he had selected, Cummings selected the top three candidates and contacted them to schedule interviews.   Lacey received an interview.  After the three interviews were completed, the interview committee discussed the merits of the three applicants. Kyle Hildreth ("Hildreth") was selected and offered the position.  At the time of Lacey's interview, he was fifty-seven years of age.

Lacey discovered that he had not been selected during a conversation with his supervisor.  Certain comments made during this conversation and later conversations with Cummings lead Lacey to believe that he had not been selected because of his age.  Eventually, Lacey resigned to take a job with a different employer.

After filing a Charge of Discrimination with the EEOC and receiving a notice of his

right to sue, Lacey timely commenced this lawsuit. In the suit, he claims that the failure to promote him to the position of Water Distribution Manager constitution impermissible age discrimination in violation of the ADEA and the Alabama Age Discrimination in Employment Act.

## IV. DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a

genuine issue for trial.'" *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

The Court has carefully considered all deposition excerpts, affidavits, and other materials submitted in support of and in opposition to the motion.  Because Defendant has moved for summary judgment, Court has viewed the evidence and testimony submitted in the light most favorable to Lacey and drawn all justifiable inferences from the evidence and testimony in Lacey's favor.  Because of the present procedural posture, this Court cannot and has not engaged in any credibility determinations in deciding this motion, nor has it resolved any material factual disputes.  Although in some respects, this case presents some very close questions, this Court cannot say at this stage of the proceedings that there are no genuine issues of material fact, nor can the Court find that Defendant is entitled to judgment as a matter of law on Lacey's claims.

## V.  CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment of Behalf of Defendant

(Doc. # 14) is DENIED.

Done this the 25th day of February, 2008.

        /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b)  **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

    Rev.: 4/04

2.    <u>Time for Filing</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)    **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)    **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)    **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)    **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)    **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro</u> <u>se</u> notice of appeal must be signed by the appellant.

4.    <u>**Effect of a notice of appeal:**</u> A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).