**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NORMAN E. LACEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 3:06-CV-1145-MEF** |
| | ) | |
| **CITY OF AUBURN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER ON PRETRIAL HEARING**

COMES NOW the Plaintiff and the Defendant and jointly submit this Proposed Pretrial Order. A pretrial hearing was held in this case on March 14, 2008, wherein the following proceedings were held taken:

1.    <u>PARTIES AND TRIAL COUNSEL</u>:

> For the Plaintiff:        Lee Winston, Esq.
> Roderick T. Cooks, Esq.
>
> For the Defendant:        Randall Morgan, Esq.
> Elizabeth Brannen Carter, Esq.

    COUNSEL APPEARING AT PRETRIAL HEARING:

    Same as trial counsel

2.    JURISDICTION AND VENUE:

Plaintiff's Position:    This is a suit instituted pursuant to the Act of Congress known as The Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, et seq. and the Alabama Age Discrimination in Employment Act; Code of Alabama §25-1-22 et. seq. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367. Personal jurisdiction and venue are not contested.

3.      PLEADINGS:  The following pleadings and amendments were allowed:

Plaintiff's Complaint, Defendants's Answer, Defendant's Amended Answer, and Defendant's

Second Amended Answer.

4.      CONTENTIONS OF THE PARTIES:

(a)     The plaintiff:

On August 2, 1998, the Plaintiff was hired by the City of Auburn in its Water Resources

Management Department as a Water Plant Operator.  On January 11, 2006, a supervisory position

was posted on the official website for the City of Auburn. Plaintiff submitted his application the

following day, Thursday, January 12, 2006.  After submitting his application the Plaintiff received

a copy of the job description and salary.  Plaintiff immediately noticed that the job description was

incorrect and included duties that  had already been deemed not applicable to the position.

On April 7, 2006, the Plaintiff met with Scott Cummings, the Director, who led him to a

conference room with seven fellow employees of the water system.   These individuals were

considerably younger than the Plaintiff and he had never worked with any of them.  Plaintiff

interviewed for the position.

Plaintiff heard nothing further about his interview for several weeks until Saturday, May 7,

2006 when he observed that the job announcement had been removed from the City of Auburn

website.  On the morning of May 9, 2006, Plaintiff went to his job at the water plant and mentioned

to the operator on duty, Martin Squires, that the position was no longer listed as open.  Squires then

informed Plaintiff that their immediate supervisor, Rick McCarty, had told him that they had filled

the position.  Squires further informed the Plaintiff that the City had hired a man who had no water

utility experience.

Lacey questioned McCarty, about this issue and was told, "someone had been hired and he had no experience, but he was a younger man and there was going to be a stiff learning curve on this new job, and so they felt like he would be a better fit." McCarty alleged that he was told this by Cummings. At that point Lacey informed McCarty that he felt he had been discriminated against flat-out. Cummings was informed of Lacey's feelings and scheduled a meeting with him to discuss his the promotion. Cummings is alleged to have made reference to Lacey's age during this meeting in trying to explain why Kyle Hildreth, a much younger applicant, was awarded the position.

Hildreth was not minimally qualified for the position and did not have any water experience. Lacey resigned his position and took another job with Kellog Brown and Root in Iraq, where he manages a waste water treatment facility.

The actions of the defendant in this regard have violated the rights of Mr. Lacey  as guaranteed by the  Act of Congress known as The Age Discrimination in Employment Act, as amended, 29 U.S.C. 621, et seq. and the Alabama Age Discrimination in Employment Act; Code of Alabama ' 25-1-22 et. seq.

As result of these discriminatory actions of the defendant, the plaintiff seeks back-pay (including interest), front-pay, prejudgment interest, nominal damages,  compensatory, injunctive relief, declaratory relief, costs, expenses and reasonable attorneys' fees, as well as all other such relief required to make him whole and to bar like discrimination in the future.

All defenses previously not pled are waived.

(b) The defendant:

Defendant City of Auburn contends Plaintiff was not an employee of the City. Further, the City denies any and all allegations of wrongdoing, denies that Plaintiff is entitled to any relief, and,

contests and disputes Plaintiff's alleged damages. The City further submits Plaintiff voluntarily left

his employment and while it denies Plaintiff is entitled to any relief, it further avers Plaintiff cannot

recover for front pay and his damages, if any, are limited to the time period between the promotion

and Plaintiff's resigning his employment.

Lacey was hired as a Water Plant Operator for the Water Board in August 1999 at the age

of 51. Lacey was not an employee of the City.

Lacey applied for and was awarded the position of Chief Operator in December 2005. He

was 57 years old when he was promoted to the Chief Operator position. Lacey had no supervisory

responsibilities in this position. Lacey's only administrative duties were to file reports and he had

no budgeting or scheduling responsibilities as Chief Operator.

Scott Cummings was the Director of the Water Board. When the Water Distribution

Manager position became open, a committee was formed to select an applicant for the job. The

interview committee consisted of a cross section of individuals who would be working with the

person who received the job. As acknowledged by Lacey, the interview committee was Scott

Cummings (41), Eric Carson (42) , Mikel Thompson (29), Charles Howard (56), Jill Holland (43),

Kathy Bullard (60), and Derek Godfrey (39).

The application submitted for the position of Water Distribution Manager did not reflect

anyone's age and at no time during the course of the interview, nor the discussion that followed the

interviews, was the age of the applicants discussed. All the applicants were asked the same

question. After each interview, the applicants were discussed, but no employment decision was made

until the completion of the interview process.

After each interview ended, the interviewers discussed the applicant, each agreed that Kyle

Hildreth was the top candidate based on the qualifications they were looking for and that he gave the best interview.

Lacey did not interview well and was not otherwise the most qualified person for the job. Lacey admits that he told the interview committee that he had not read the revised job description prior to the interview.   Lacey admits that he told the interview committee that he hated doing paperwork and assumed that when you dislike doing something, you do not do that aspect of your job as well.

Additionally, Defendant pleads the following: Defendant denies each allegation not specifically admitted herein and demands strict proof of same; denies it was Plaintiff's employer as defined by 42 U.S.C. §2000(e); avers that the Complaint and each count fail to state a cause of action entitling Plaintiff to relief; denies Plaintiff has been wronged and denies Plaintiff is entitled to any relief; avers that Plaintiff did not suffer an illegal adverse employment action; avers that Plaintiff did not engage in protected activity prior to his last date of employment; avers this Court lacks subject matter jurisdiction; avers Plaintiff did not timely file a Charge of Discrimination; avers that Plaintiff has not met the preconditions for maintenance of an ADEA suit; avers this suit is not timely filed;

Defendant further avers all Plaintiff's claims, as alleged in his Complaint, which occurred more than one hundred and eighty (180) days prior to the filing of his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. § 2000(e); avers Plaintiff cannot pursue any claim that is not "like or related" to the claims raised in his original Charge of Discrimination which is the statutory predicate for those claims; avers Plaintiff's claims are barred in that Plaintiff failed to satisfy the jurisdictional prerequisite for

maintenance of any such action; pleads estoppel and/or laches and/or waiver; avers Plaintiff's own actions or inactions caused or contributed to any injury or damage hence Plaintiff is barred from recovery; avers that all employment decisions were made on a legitimate, non-discriminatory, and permissible basis; avers that all employment decisions were based on a reasonable and rational basis; denies the existence of any custom or policy that allegedly resulted in the violation of Plaintiff's rights; pleads immunity.

Defendant denies it discriminated against the Plaintiff.  However, if the fact finder reaches a contrary conclusion, the Plaintiff cannot establish that he was damaged or injured by any action of this Defendant since the same decisions would have been made absent any impermissible consideration;

Defendant avers Plaintiff failed to mitigate his alleged damages;  pleads the statutory cap applicable to any claim for damages; and avers Plaintiff has not met the pre-conditions necessary for maintenance of a lawsuit against a municipality.

5.      STIPULATIONS BY AND BETWEEN THE PARTIES:

Plaintiff's date of birth is August 10, 1948.

**It is ORDERED that**:

(1)     The jury selection and trial of this cause, which is to last two (2) days, are set for April 28, 2008, at 10:00 a.m. at the United States Courthouse in Opelika, Alabama;

(2)     A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3)     The parties are to file their pre-trial briefs, if any, by April 21, 2008;

(4)     Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient

number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5)     All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #7) entered by the court on May 29, 2007;

(6)     All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

        DONE this 20th day of March, 2008.


                                        /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE