IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN E. LACEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 3:06-CV-1145-MEF |
| | ) | |
| CITY OF AUBURN, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST MOTION IN LIMINE

COMES NOW Defendant, **City of Auburn**, in the above-styled cause and hereby moves the Court to prohibit the Plaintiff, his attorney, or any witnesses from introducing by way of testimony or documentary evidence, information regarding the following subject matter:

Any evidence relating to claims of front pay and claims of back pay after the time that Plaintiff voluntarily resigned from his employment. Eleventh Circuit case authority is clear that any back pay award ends when the Plaintiff begins earning more at a new job than he did at the job from which he was discharged, or in this case, than the job to which Mr. Lacey was not promoted. See i.e. *Mock v. Bell Helicopter Textron, Inc.*, 2007 WL 2774230 (M.D. Fla.) (citing, *Stephens v. C.I.T. Group/Equip. Fin., Inc.,* 955 F.2d 1023, 1029 (5th Cir. 1999) ("[D]amages are 'settled and complete' and the back pay period ends, when the Plaintiff begins earning more money at his new job than he did at the job from which he was discharged.")). The Eleventh Circuit has explained:

> The purpose of relief under the Federal Employment Anti-Discrimination law is 'to make persons whole for injuries suffered on account of unlawful employment discrimination.'

> Consistent with this concept, once liability for ... discharge on the basis of age is established [in this case failure to promote], the injured victim is presumptively entitled to back pay from the date of the discriminatory discharge [or promotion] until the date of judgment, unless the victim obtains or could have obtained substantially equivalent work before that time period.

*EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1251 (11th Cir. 1997) (citations omitted); see also *Shealy v. Albany, Georgia,* 137 F.Supp.2d 1359 (M.D. Ga 2001) (holding that in light of the fact that plaintiff had stayed on after being denied a promotion, no evidence of constructive discharge, evidence of only frustration regarding failure of being promoted, the eligibility for back pay for the plaintiff ended at the end time he voluntarily left the fire department and went to work somewhere else). See also *Morrison v. Genuine Parts Co.,* 828 F.2d 708, 709 (11th Cir. 1987) (must prove constructive discharge to get back pay after one leaves their employer). Because Plaintiff left employment prior to the date of the trial of this case, he is also not entitled to present any evidence of front pay or reflecting future wages or future fringe benefits. *Id.* at 1367-68; see also *Weaver v. Casa Gallardo, Inc.,* 922 F.2d 1515, 1529 (11th Cir. 1991) (overruled on other grounds) (holding that front pay is calculated to terminate when plaintiff finds rightful place).

In this case it is undisputed that Plaintiff was not awarded the promotion in May 2006. Plaintiff voluntarily resigned in July 2006. The difference in Plaintiff's compensation and the compensation of the successful applicant (up until the time of Mr. Lacey's resignation) was $1,147.27. Mr. Lacey immediately began working at a job making significantly more money than he did working for the Auburn Water Board and significantly more than he would have made had he been granted the promotion to Water Distribution Manager.

Accordingly, pursuant to clear case authority on this matter, any evidence submitted regarding back pay should be limited to the time period between the denial of promotion and the voluntary resignation of Plaintiff. By Defendant's calculation, this amount is approximately $1,147.29.

Respectfully submitted this 9th day of April 2008.

City of Auburn, Defendant

By: /s/ *Randall Morgan*
Randall Morgan [MORG8350]
Elizabeth Brannen Carter [3272-C38E]
Attorney for Defendant City of Auburn

OF COUNSEL:
Hill, Hill, Carter, Franco,
 Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600
334-263-5969 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Roderick E. Cooks, Esq.
Winston Cooks, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

/s/ *Randall Morgan*
OF COUNSEL