IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NORMAN E. LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 3:06-CV-1145-MEF |
| | ) |
| CITY OF AUBURN, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SECOND MOTION IN LIMINE**

COMES NOW Defendant, **City of Auburn,** in the above-styled cause and hereby moves the Court to prohibit the Plaintiff, his attorney, or any witnesses from introducing by way of testimony or documentary evidence, information regarding the following subject matter:

Alleged hearsay statements made by non-decision makers. During the course of his deposition, Plaintiff testified about comments that were allegedly made to him by other supervisors or co-workers in the work place who were not decision makers in regards to the promotion in question or otherwise on the interview committee. Any such testimony regarding these alleged statements should be excluded from trial because such testimony constitutes inadmissible hearsay and because said testimony does not constitute relevant pretext evidence to be considered by the jury. *Fed.R.Evid.* 401, 403, and 802.

First, "a statement, other than one made by the declarant while testifying at trial or a hearing, offered in evidence to prove the truth of the matter asserted" - is not admissible unless it falls in the exception set forth in the Federal Rules of Evidence. *Fed.R.Evid.* 801, 802; see also *Zaben v. Air Products & Chemicals, Inc.*, 129 F.3d 1453, 1456 (11th Cir.

1997). It is without question that any testimony Plaintiff would provide about what co-workers or supervisors allegedly said regarding the promotion is inadmissible hearsay and should be excluded as a matter of law. See *City of Tuscaloosa v. Harcros Chemicals, Inc.,* 158 F.3d 548, 557 (11th Cir. 1998).

The second ground for exclusion of this anticipated testimony is that the comments from non-decison makers are excluded because said testimony cannot support evidence of proper pretext. In the case of *Steger v. General Electric Company,* 318 F.3d 1066 (11th Cir. 2003), an employee alleging discrimination appealed a verdict in favor of the employer. One of the grounds for appeal was that the trial court excluded a supervisor's alleged sexist comment concerning the lack of reason for the employee to get a raise. *Id.* at 1079. The Eleventh Circuit explained why such evidence was not relevant for the pertinent questions at hand and therefore properly excluded during the trial of the case.

> Steger argues that the district court erred in precluding Player's sexist comments because they were inadmissable as evidence of pretext. She contends that her proffer of testimony addressed Player's comment to Steger that she did not need a raise because she had a husband who would care for her. To rebut an employer's legitimate nondiscriminatory reasons for its adverse action, the employee must produce evidence which directly establishes discrimination or which permits the jury to reasonably disbelieve the employer's proffered reason. *Ross v. Rhodes Furniture, Inc.,* 146 F.3d 1286, 1290 (11th Cir. 1998). Any believable evidence which demonstrates a genuine issue of fact regarding the truth of the employer's explanation may sustain the employee's burden of proof. *Id.* at 1291. A decision maker's discriminatory comment which may not qualify as direct evidence of discrimination may constitute circumstantial evidence which could assist a jury in disbelieving the employer's proffered reasons for the adverse action. *Id.* at 1292. Although a decision maker's statement regarding an employee's "family man" status can serve as evidence of discrimination, *see Taylor v. Runyon,* 175 F.3d 861, 869 (11th Cir. 1999), "statements by nondecisionmakers,

> or statements by decisionmakers unrelated to the decisional process" at issue will not satisfy the employee's burden. *Price Water,* 490 U.S. at 277, 109 S.Ct. at 1805 (O'Connor, J., concurring).
>
> Evidence is relevant and, therefore, admissable, it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed.R.Evid. 401 & 402. "Relevancy ... exists only as a relation between an item of evidence and a matter properly provable in the case." Rule 401 Advisory Committee Notes, Evidence is inadmissable if it is not relevant, Rule 402, and excludable "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Rule 403. "'Unfair prejudice' ... means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, and emotional one." *Id.* Advisory Committee Notes. The district court did not abuse its discretion in precluding evidence of Player's sexist comments because they were not relevant to Steger's Equal Pay Act claim, Player was not a decision maker, and the comments may have unfairly prejudiced GE.

Id. at 1079.

Any testimony from Plaintiff about what non-decision making supervisors and/or co-employees said to him regarding the promotion in question should be excluded as a matter of law because those comments cannot serve as proper pretext evidence, therefore are not probative, and could only serve to prejudice Defendant in the above-styled matter.

Accordingly, any testimony by Plaintiff, or any other witness regarding alleged hearsay statements from supervisors or co-workers that are non-decision makers should be excluded from the trial of this matter as a matter of law.

Respectfully submitted this the 9th day of April 2008.

        City of Auburn, Defendant

        By: */s/ Randall Morgan*
        Randall Morgan [MORG8350]
        Elizabeth Brannen Carter [3272-C38E]
        Attorneys for Defendant City of Auburn

OF COUNSEL:
Hill, Hill, Carter, Franco,
  Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600
334-263-5969 - Fax

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this the 9th day of April 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Roderick E. Cooks, Esq.
Winston Cooks, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

        */s/ Randall Morgan*
        OF COUNSEL