IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **NORMAL E. LACEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                    ) | CASE NO: 3:06-CV-1145-MEF |
| ) | |
| **CITY OF AUBURN,** ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S THIRD MOTION IN LIMINE

COMES NOW Defendant, **City of Auburn**, in the above-styled cause and hereby moves the Court to prohibit the Plaintiff, his attorney, or any witnesses from introducing by way of testimony or documentary evidence, information regarding the following subject matter:

Any evidence or testimony that plaintiff now works in the Middle East/Iraq and/or regarding the conditions in which Plaintiff presently works in Iraq. It is anticipated that Plaintiff intends to talk about being "shot" at in Iraq or the inconvenience of working in Iraq. It is further anticipated that Plaintiff intends to testify that he would not have taken the job in Iraq if he had received the promotion in question. Any evidence regarding the working conditions of Iraq is inadmissible pursuant to Rule 402 of the Federal Rules of Evidence which holds that e    vidence which is not relevant is not admissible.

It is undisputed that Plaintiff voluntarily left his employment. There is no constructive discharge claim in this case and there is no allegation regarding an adverse employment action that occurred at the time of Plaintiff's resignation. As such, it is completely inappropriate and unnecessary to allow testimony about the conditions of Plaintiff's present

work location. Rather, the testimony regarding Plaintiff's current work situation should be limited to explain to the jury that Plaintiff now works overseas and is not paying any income tax on the money that he earns. Such evidence would be relevant to damages.

Any testimony beyond the fact that Plaintiff works overseas and does not pay income tax would constitute substantially unfair prejudice to Defendant, confuse the jury and waste time that would not aid the jury in deciding the pertinent issues in this case. Rule 403 permits evidence, even if it was relevant, to be excluded from trial "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations or undue delay, waste of time, or needless presentation of cumulative evidence." *Fed.R.Evid*. 403. Evidence may be excluded due to risk of "inducing a decision on a purely emotional basis at one extreme, to nothing more harmful than merely wasting time, at the other extreme." See Advisory Committee Notes, *Fed.R.Evid*. 403. "Unfair prejudice" means an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." See Advisory Committee Notes, *Fed.R.Evid*. 403.

The Eleventh Circuit has found that evidence may be properly excluded under Rule 403 when its introduction would have "generated a mini-trial on collateral issues which would not relate to ... discrimination alleged in [plaintiff's] claim." *Anderson v. WBMG-42,* 253 F.3d 561, 567 (11th Cir. 2001); see also *McWhorter v. City of Birmingham,* 906 F.2d 674, 679 (11th Cir. 1990) (upholding exclusion of testimony offered by plaintiff that he was not the only police officer mistreated by the defendant City, such testimony did not relate to plaintiff's history of employment with the defendant and to admit such testimony "could have resulted in a series of mini-trials centering in the employment history of each officer").

Accordingly, any testimony about Plaintiff working in Iraq and unfavorable conditions there should be excluded as a matter of law.

Respectfully submitted this 9th day of April 2008.

          City of Auburn, Defendant

          By: */s/ Randall Morgan*
          Randall Morgan [MORG8350]
          Elizabeth Brannen Carter [3272-C38E]
          Attorney for Defendant City of Auburn

OF COUNSEL:
Hill, Hill, Carter, Franco,
 Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600
334-263-5969 - Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 9th day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Roderick E. Cooks, Esq.
Winston Cooks, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

          */s/ Randall Morgan*
          OF COUNSEL