**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **NORMAN E. LACEY,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO: 3:06-CV-1145-MEF |
| **CITY OF AUBURN,** | ) |
| Defendant. | ) |

## DEFENDANT'S FOURTH MOTION IN LIMINE

COMES NOW Defendant, **City of Auburn**, in the above-styled cause and hereby moves the Court to prohibit the Plaintiff, his attorney, or any witnesses from introducing by way of testimony or documentary evidence, information regarding the following subject matter:

Compensatory damages other than lost back wages and benefits.[1]

Under the ADEA, 29 U.S.C. §621, et seq., damages available to an aggrieved person are limited to lost wages or unpaid compensation, as well as other legal or equitable relief as may be appropriate under Federal law. The Federal courts have interpreted the ADEA to provide for back pay, lost benefits, liquidated damages, reinstatement, and front pay. See *Wilson v. S & L Acquisition Co., L.P.*, 940 F.2d 1429, 1432-1439, (11th Cir. 1991) (insurance benefits recoverable because plaintiff established she had purchased insurance); *Carlson v. WPLG/TV-10, Post-Newsweek Stations of*

---

[1] While future wages are technically allowable damage in an ADEA case, because Plaintiff voluntarily left his employment before the date of this trial, he is not entitled to any future damages. *Shealy v. Albany, GA,* 137 F.Supp.2d 1359 (M.D. Ga).

*Florida*, 956 F.Supp. 994, 1012-13, (S.D. Fla. 1996). Further, in an ADEA case, no damages for pain, suffering, and/or mental distress may be awarded as part of the compensatory damages award. *Carlson*, 956 F.Supp. At 1013, <u>citing</u> *Dean v. American Sec. Ins. Co.*, 559 F.2d 1036, <u>rehearing denied</u> 564 F.2d 97 (5th Cir. 1977), <u>cert. Denied</u> 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978) (and others).

During the course of Plaintiff's deposition, he makes reference to not being able to stay at his job, or someone pointing to him and saying "that's the guy" in a social meeting seemingly in an attempt to establish some type of mental anguish claim. (<u>See</u> Plaintiff Deposition at pp. 25-26 and 216 - 217). This type of testimony, any related testimony or any tedstimony regarding mental anguish/emotional distress should be excluded as a matter of law because the ADEA does not allow for compensatory damages based on mental anguish, emotional distress, etc. <u>See</u> *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435 (11th Cir. 1985); *Maleszewski v. United States,* 827 F.Supp. 1553 (N.D. Fla. 1993). Pursuant to the annotations and comments of Eleventh Circuit Pattern Jury Instruction 1.4.1 :

> The enforcement section of the ADEA, 29 U.S.C. § 621 *et seq.*, incorporates the enforcement and damages provisions of the Fair Labor Standards Act provides that:
>
>> [a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

Annotations and comments further state:

> [A]lthough the text of the ADA makes available such legal and

> equitable relief as 'may be appropriate', the explicit incorporation into the ADEA of the remedial provisions of the Fair Labor Standards Act, limits the damages which may be awarded to actual monetary losses arising from the employment action.

The Annotations and Comments further say, "[t]hus, recovery is limited to lost wages and benefits; compensatory damages for pain and suffering, emotional stress, etc. are not recoverable."  In making these comments the following sources, in addition to the ones stated above, are cited: *Dean v. American Security Insurance Co.,* 559 F.2d 1036 (5th Cir. 1977); *Guthrie v. J.C. Penney Company,* 803 F.2d 202 (5th Cir. 1986); *Haskell v. Kaman Corp.,* 743 F.2d 113 (2nd Cir. 1984); *Mitchell v. Sisters of Charity of Incarnate Word,* 924 F.Supp. 793 (S.D. Tex. 1996).

Moreover, pursuant to the Alabama Age Discrimination in Employment Act ("AADEA") §25-1-29, *Ala.Code*, the remedies authorized by the Federal Age Discrimination in Employment Act ("ADEA") will be those authorized under the AADEA.

Any testimony from Plaintiff regarding depression, stress, anxiety or any other form of mental anguish regarding the promotion or his present job would violate *Fed.R.Evid.* 401, because such evidence is irrelevant to any issue before the court and/or is unfairly prejudicial to Defendant because it could serve no purpose but to create confusion or sympathy with the jury.  If not relevant to a remedy, any such evidence is completely irrelevant and therefore inadmissible.

As such, Plaintiff should not be allowed to provide any evidence related to damages beyond his lost wages and/or benefits.

Respectfully submitted this 9th day of April 2008.

City of Auburn, Defendant

By: */s/ Randall Morgan*
Randall Morgan [MORG8350]
Elizabeth Brannen Carter [3272-C38E]
Attorney for Defendant City of Auburn

OF COUNSEL:
Hill, Hill, Carter, Franco,
  Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600
334-263-5969 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Roderick E. Cooks, Esq.
Winston Cooks, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

*/s/ Randall Morgan*
OF COUNSEL