IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **NORMAN E. LACEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 3:06-CV-1145-MEF |
| ) | |
| **CITY OF AUBURN,** ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS

**COMES NOW** the Defendant City of Auburn and herewith objects to the following Exhibits listed by Plaintiff on Plaintiff's Witness and Exhibit List:

1.  Defendant objects to Exhibit 1 - Plaintiff's EEOC Charge on the grounds it is not relevant, therefore, inadmissible under Rule 402; even if arguable relevant, inadmissible under Rule 403; inadmissible under Rule 701; inadmissible under Rule 801; inadmissible under Rule 802; is self-serving; contains improper and inadmissible opinion testimony; is argumentative, and is otherwise inadmissible.

2.  Defendant objects to Exhibit 2 - Part I - Plaintiff's Deposition with Exhibits on the grounds it is improper to submit to the jury as an exhibit Plaintiff's deposition. Further, the Court has ordered the parties to designate those portions of depositions which are to be read to the jury and Plaintiff's entire deposition contains parts not designated by Plaintiff. Moreover, the deposition contains testimony which is inadmissible under Rule 402; even if arguably relevant, inadmissible under Rule 403; inadmissible under Rule 701; inadmissible under Rule 801; inadmissible under Rule

802; improper and inadmissible opinion testimony; is self-serving; and is otherwise inadmissible.

Defendant further objects to deposition exhibits as inadmissible pursuant to Rule 402; Rule 403; and otherwise inadmissible.

3.    Defendant objects to Exhibit 3 - Plaintiff's Resume and Water Certifications on the grounds it is not relevant, therefore, inadmissible under Rule 402; even if arguably relevant, inadmissible under Rule 403; is self-serving; contains improper and inadmissible opinion testimony; is inadmissible pursuant to Rules 801 and/or 802; and is otherwise inadmissible.

5.    Defendant objects to Exhibit 5 - City of Auburn Welcome Documents as inadmissible pursuant to Rule 402; even arguably relevant, inadmissible under Rule 403; and is otherwise inadmissible.

6.    Defendant objects to Exhibit 6 - City of Auburn Benefits Documents as inadmissible pursuant to Rule 402; even arguably relevant, inadmissible under Rule 403; and is otherwise in admissible.

14.    Defendant objects to Exhibit 14 - City of Auburn In-House Termination Checklist as inadmissible pursuant to Rule 402; even arguably relevant, inadmissible under Rule 403; and not otherwise admissible.

15.    Defendant objects to Exhibit 15 - Certified Letter from City of Auburn Benefits Person as inadmissible pursuant to Rule 402; even arguably relevant, inadmissible under Rule 403; and is otherwise inadmissible.

16.    Defendant objects to Exhibit 16 - City of Auburn Employment at Will Disclaimer as inadmissible pursuant to Rule 402; even arguably relevant, inadmissible

under Rule 403; and not otherwise admissible.

17.     Defendant objects to Exhibit 17 - "Lacey back-pay chart" as inadmissible under Rule 402; even if arguably relevant, inadmissible under Rule 403; inadmissible under Rule 701; is speculative; is conjectural; is based on an improper predicate; is based on inadmissible evidence; is improper and incorrect supposition; since Plaintiff voluntarily left his employment, he is not entitled to any back pay after his resignation; and is otherwise inadmissible.

Additionally, this document has not been made available to Defendant for inspection and Defendant reserves the right to supplement its objection when said exhibit is produced.

18.     Defendant objects to Exhibit 18, the category designated as "All documents produced to the Defendant as part of Plaintiff's Initial Disclosures and responses to request for production of documents" as not being particularized, making it difficult for the Defendant to properly frame any objection; the exhibit is overly broad; the produced documents contain documents which are inadmissible pursuant to Rule 402; Rule 403; Rule 701; Rule 801; Rule 802; self-serving; contain improper and inadmissible opinions; and is otherwise inadmissible.

19.     Defendant objects to Exhibit 19 the category "All documents produced by Defendant in response to Plaintiff's Requests for Production of Documents" as not being particularized, making it difficult for the Defendant to properly frame any objection; the exhibit is overly broad; the produced documents contain documents which are inadmissible pursuant to Rule 402; Rule 403; Rule 701; Rule 801; Rule 802; self-serving; contain improper and inadmissible opinions; and is otherwise

inadmissible.

20.     Defendant objects to Exhibit 20 the category "Any documents listed by the Defendant that have not been produced"as not being particularized, making it difficult for the Defendant to properly frame any objection; the exhibit is overly broad; inadmissible pursuant to Rule 402; Rule 403; Rule 701; Rule 801; Rule 802; self-serving; contain improper and inadmissible opinions; and is otherwise inadmissible.

21.     Defendant objects to Exhibit 21 the category "Defendant's answers to Plaintiff's first interrogatories" as not being particularized, making it difficult for the Defendant to properly frame any objection; the exhibit is overly broad; the answers are inadmissible pursuant to Rule 402; Rule 403; Rule 701; Rule 801; Rule 802; contain improper and inadmissible opinions; and is otherwise inadmissible.

22.     Defendant objects to Exhibit 22 the category "Any document needed for rebuttal" as not being particularized, making it difficult for the Defendant to properly frame any objection; the exhibit is overly broad; there are no produced documents; inadmissible pursuant to Rule 402; Rule 403; Rule 701; Rule 801; Rule 802; contain improper and inadmissible opinions; and is otherwise inadmissible.

23.     Defendant objects to Exhibit 23 the category, "Any documents obtained as the result of the release of Plaintiff's personnel records obtained from Kellogg, Brown & Root" as not being particularized, making it difficult for the Defendant to properly frame any objection; the exhibit is overly broad; documents are inadmissible pursuant to Rule 402; Rule 403; Rule 701; Rule 801; Rule 802; contain improper and inadmissible opinions; and is otherwise inadmissible.

24.     Defendant objects to Exhibit 24 "A demonstrative chart comparing

Lacey's pay and hours worked v. City of Auburn's pay and hours worked" as inadmissible under Rule 402; even if arguably relevant, inadmissible under Rule 403; inadmissible under Rule 701; is speculative; is conjectural; is based on an improper predicate; is based on inadmissible evidence; is improper and incorrect supposition; since Plaintiff voluntarily left his employment, he is not entitled to any back pay after his resignation; and is otherwise inadmissible.

Additionally, this document has not been made available to Defendant for inspection and Defendant reserves the right to supplement its objection when said exhibit is produced.

/s/ *Randall Morgan*
Randall Morgan [MORG8350]
Attorney for Defendant City of Auburn

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Roderick E. Cooks, Esq.
Winston Cooks, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

/s/ *Randall Morgan*
OF COUNSEL