IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **NORMAN E. LACEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 3:06-CV-1145-MEF |
| | ) | |
| **CITY OF AUBURN,** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REQUESTED JURY CHARGES

COMES NOW Defendant, **City of Auburn**, in the above-styled cause and submits the following jury instructions to the Court pursuant to the Court's Pretrial Order dated February 7, 2008.

**Wherefore premises having been considered**, Defendant requests that the following charges be submitted to the jury at the close of trial.

Respectfully submitted this 11th day of April 2008.

                       City of Auburn, Defendant

                       By: /s/ *Randall Morgan*
                       Randall Morgan [MORG8350]
                       Elizabeth Brannen Carter [3272-C38E]
                       Attorney for Defendant City of Auburn

OF COUNSEL:
Hill, Hill, Carter, Franco,
 Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600
334-263-5969 - Fax

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 11th day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Roderick E. Cooks, Esq.
Winston Cooks, LLC
The Penick Building
319 17th Street North
Birmingham, Alabama 35203

                                          */s/ Randall Morgan*
                                          OF COUNSEL

**Defendant's Requested Jury Instructions No. 1**

<u>**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS 1.4.1
AGE DISCRIMINATION AND EMPLOYMENT ACT
29 U.S.C. §621-634**</u>

In this case, Mr. Lacey claims that the City of Auburn discriminated against him by not promoting him to the position of Water Distribution Manager and instead promoting a younger applicant because of Mr. Lacey's age.

The City of Auburn denies that its employment decision about who to promote to the position of Water Distribution Manager was in any way related to Mr. Lacey's age or the age of any other candidate. The City of Auburn maintains that it had legitimate, nondiscriminatory reasons to promote Kyle Hildreath, the successful applicant who was promoted instead of Mr. Lacey.

Under federal law, it is unlawful for an employer to not promote any employee because of that employee's age, when the employee is at least 40 years of age.

In order to prevail on this claim Mr. Lacey must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: that he was within the protected age group, that is, being at least 40 years of age;

<u>Second</u>: that he was employed by the City of Auburn and was subsequently denied the promotion to Water Distribution Manager by the City of Auburn; and

<u>Third</u>: that his age was a substantial or motivating factor that prompted the City of Auburn to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's age. So far as you are concerned in this case, an employer may discharge, refuse to promote or otherwise affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the City of Auburn even though you personally

may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favored treatment to employees in the protected age group.

On the other hand, it is not necessary for Mr. Lacey to prove that age was the sole or exclusive reason for the City of Auburn's decision. It is sufficient if Mr. Lacey proves that age was the determining consideration that made a difference in the City of Auburn's decision.

To summarize, it is the burden of Mr. Lacey to prove to your satisfaction by a preponderance of the evidence that the City of Auburn discriminated against Mr. Lacey because of his age.

**Defendant's Requested Jury Instruction No. 2**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS 1.2.1**

**TITLE VII - CIVIL RIGHTS ACT, RACE AND/OR SEX DISCRIMINATION
DISCHARGE/FAILURE TO PROMOTE INCLUDING
"SAME DECISION" DEFENSE**

If you find in favor of Mr. Lacey with respect to each of the facts that he must prove, you must then decide whether the City of Auburn has shown by a preponderance of the evidence that Mr. Lacey would not have been promoted for other reasons even in the absence of consideration of Mr. Lacey's age. If you find that Mr. Lacey would not have been promoted for reasons apart from Mr. Lacey's age, then you will make that finding in your verdict form.

**[*TO BE SUBMITTED TO THE JURY ONLY IF THE JURY WILL CONSIDER THE ISSUE OF DAMAGES*]**

If you find for Mr. Lacey and against the City of Auburn on its defense, you will then decide the issue of damages.

**Defendant's Requested Jury Instruction No. 3**

***[TO BE SUBMITTED TO THE JURY ONLY IF THE MOTION IN LIMINE IS NOT GRANTED REGARDING HEARSAY STATEMENTS MADE BY NONDECISION-MAKERS]***

In making your determination regarding whether Mr. Lacey has met his burden of proof in establishing his age discrimination claim regarding the promotion to Water Distribution Manager, you may not consider any statements made or allegedly made by individuals who were not a part of the decision-making process for the promotion in question.

See for Reference:  *Steger v. General Electric Company,* 318 F.3d 1066 (11th Cir. 2003).

**Defendant's Requested Jury Instructions No. 4**

<u>**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS 1.4.1
AGE DISCRIMINATION AND EMPLOYMENT ACT
29 U.S.C. §621-634**</u>

[*TO BE SUBMITTED TO THE JURY ONLY IF THE JURY WILL CONSIDER THE ISSUE OF DAMAGES (Back Pay)*]

If you find that Mr. Lacey has proved his claim, you must then determine the amount of damages Mr. Lacey has sustained.

In considering the issue of Mr. Lacey's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Mr. Lacey's damages. No more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the City of Auburn. Also, compensatory damages must not be based on speculation or guess work because it is only actual damages that are recoverable.

You should consider only the following elements of damage, to the extent you find them proved by a preponderance of evidence, and no other:

(a)   Net lost wages and benefits to the date of trial;
(b)   Net lost wages and benefits in the future [reduced to present value].
**[if future damages are allowed to be considered]**

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - that is, to take advantage of any reasonable opportunities that may have existed under the circumstances to reduce or minimize the loss or damage. Mr. Lacey in fact voluntarily resigned in July 2006 after the denial of promotion in May 2006. He went to a job making more money than he could have earned in the promoted position. As such, Mr. Lacey's compensatory damages are limited to the wages he lost from the May 2006 (date of promotion) to July 27, 2006 (date of resignation).

[*TO BE SUBMITTED TO THE JURY ONLY IF LIQUIDATED
DAMAGES ISSUE IS SUBMITTED TO JURY*]

If you find that the City of Auburn willfully violated the law, as claimed by Mr. Lacey, then Mr. Lacey is entitled to double damages. This means that the Court would award the damages you have calculated plus an equal amount as liquidated damages if the employer knew that its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If the employer did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by law, even if it acted negligently, then its conduct was not willful.

**Defendant's Requested Jury Instruction No. 5**

### ANNOTATIONS AND COMMENTS
### ELEVENTH PATTERN JURY INSTRUCTIONS, 1.4.1
### AGE DISCRIMINATION AND EMPLOYMENT ACT
### 29 U.S.C. §621-634

      If the jury finds that Mr. Lacey has proven age discrimination, the only damages that can be awarded are those that have already been described, net losses in wage and benefits for the time between the promotion and Mr. Lacey's resignation.

      It is important for the jury to stay mindful that damages for any alleged pain or suffering are not recoverable pursuant to the Age Discrimination and Employment Act. Rather, the only damages that can be awarded are the actual monetary losses arising from the employment action, the promotion action as has been described above. Any compensatory damages for pain or suffering, emotional distress, or mental anguish are not recoverable.

See For Further Reference:  *Goldstein v. Manhattan Industries, Inc.*, 758 F2d 1435 (11th Cir. 1985); *Maleszewshi v. United States*, 827 F.Supp. 1553 (N.D. Fla. 1993). Thus, recovery is limited to lost wages and benefits; compensatory damages for pain and suffering, emotional distress, etc. are not recoverable. *Goldstein*, 758 F.2d at 1446 (citing *Dean*, 559 F.2d at 1038 (no damages for pain and suffering)); *Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 208 (5th Cir. 1986) (same); *Haskell v. Kaman Corp.*, 743 F.2d 113, 120-21 (2d Cir. 1984) (no damages for emotional distress). See also *Mitchell v. Sisters of Charity of Incarnate Word*, 924 F.Supp. 793, 802 (S.D. Tex. 1996) (holding that amounts owing include unpaid wages and benefits but do not include damages for pain and suffering).

**Defendant's Requested Jury Instruction No. 6**

      In any Age Discrimination and Employment Act case, the employee bears the ultimate burden of proving that age was a determining or substantial motivating factor in the employer's decision to not promote the employee. The jury may not base its decision on sympathy for Mr. Lacey.

<u>See For Reference:</u> *Walker v. Nations Bank of Florida, N.A.*, 53 F.3d 1548 (11th Cir. 1995); *Walls v. Button Gwinnett Bancorp, Inc.*, 1 F.3d 1198 (11th Cir. 1993); *Young v. General Foods Corporation*, 840 F.2d 825 (11th Cir. 1988); *Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 84 F.3d 1380 (11th Cir. 1996), superceded by *Isenbergh*, 97 F.3d 436 (11th Cir. 1996).

**Defendant's Requested Jury Instruction No. 7**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTION, 2.3
CONSIDERATION OF THE EVIDENCE
DUTY TO FOLLOW INSTRUCTIONS
GOVERNMENTAL ENTITY OR AGENCY INVOLVED**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Defendant's Requested Jury Instruction No. 8**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) (2005)**
**BASIC INSTRUCTIONS, NO. 3**
**CREDIBILITY OF WITNESSES**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**Defendant's Requested Jury Instruction No. 9**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) (2005),
BASIC INSTRUCTIONS, NO. 6.2**

**BURDEN OF PROOF
WHEN BOTH PLAINTIFF AND DEFENDANT
HAVE BURDEN OF PROOF**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**Defendant's Requested Jury Instruction No. 10**

## ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) (2005)
## BASIC INSTRUCTIONS, NO. 7.1
## DUTY TO DELIBERATE
## WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. **[to be submitted to the jury only if the jury will consider the issue of damages].**

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. You deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Defendant's Requested Jury Instruction No. 11**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL) (2005)**
**BASIC INSTRUCTIONS, NO. 8**
**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain Verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.