# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **NORMAN E. LACEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO: 3:06-CV-1145-MEF |
| ) | |
| **CITY OF AUBURN,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## SECOND MOTION IN LIMINE

Comes now the Plaintiff, Norman E. Lacey, in the above styled cause of action and would respond to the Defendant's Second Motion In Limine as follows:

1. In its second motion in limine, the Defendant requests that the court exclude any statements from non-decision makers in the instant case. Specifically, the Plaintiff is of the belief that the Defendant wants the court to exclude testimony from Mr. Lacey regarding how a member of the panel that interviewed him began nodding his head "no" upon Lacey entering the interview room and certain comments by his supervisor, Rick McCarty, that are attributable to Scott Cummings.

2. First, the alleged action of the unnamed interviewer is not hearsay because the person alleged to have made the negative gestures towards Lacey was involved in the

decisional process making any such gestures or comments by this individual admissible pursuant to Federal Rule of Evidence 801(d)(2)(D). Fed.R.Evid. 801(d)(2)(D) provides that some out of court statements are not inadmissible hearsay if they are a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of that relationship.

3.   In the instant action the Defendant admits that the interview panel and its members had a significant role in the process culminating with the decision not to promote Lacey. (See Doc.# 15, Def.'s Mot. for Summ. J. at pp. 6-7). In *Miles v. M.N.C. Corp.,* 750 F.2d 867, 874-876 (11th Cir. 1985), the Eleventh circuit held that racial statements of an official who made "employee evaluations and suggestions for rehiring" to another who made the actual decision was admissible under 801(d)(2)(D) because the utterer was an agent of the employer and was speaking about a matter within the scope of his employment. Likewise, in the instant matter, the interviewer who responded negatively to Lacey was an agent of the employer expressing his opinion about a matter within the scope of his employment. *See E.E.O.C. v. Watergate at Landmark Condominium,* 24 F.3d 635, 640 (4th Cir. 1994), cert. denied 513 U.S. 886 (1994)) ("Significant involvement either as advisor or other participant in a process leading to a challenged decision, may be suffice to establish "agency" for the purpose it is not necessary that the declarant be the actual final decisionmaker.").

Therefore, testimony regarding this individuals actions should not be excluded.

4. The Defendant also wants to exclude the following statements by Lacey in which he avers that Rick McCarty was repeating what Scott Cummings the decision maker, had told him:

> The conversation was that someone had been hired and he had no experience, but he was a younger man and there was going to be a stiff learning curve on this new job, and so they felt like he would be a better fit. (Lacey Dep. p. 152).

***

> No, sir. He just said that that's what he had been told and that I would be a better fit where I was, according to Scott. He said Scott said that–he was telling me what Scott had said. (Lacey dep. p. 153).

5. The Defendant's motion in this regard should be denied as well because again Fed.R.Evid. 801 specifically provides that a statement is "not hearsay" if the statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. Fed.R.Evid. 801(d)(2)(D). *Rowell v. Bellsouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005). McCarty was speaking as agent for the City of Auburn when he informed Lacey of the decision not to promote him. Moreover, McCarty was also acting as an agent for the City of Auburn when he explained to Lacey the City's reasons for not promoting him, i.e., he was too old and the City wanted a younger man.

6.      Furthermore, the Defendant's reliance on the *Steger* case is misplaced because the *Steger* court concerned itself with the question, *inter alia*, of whether a stray remark by a non-decision maker is admissible evidence of pretext. Whether McCarty was part of the decision making process in this case is not an issue. What is an issue is whether McCarty was speaking as an agent of the City when he reported to Lacey the reasons for his being denied the promotion or was he (McCarty) stating his own opinion on that issue. From, Lacey's testimony it is clear that McCarty was stating what he had been told by Scott Cummings, the City official with the authority to promote Lacey. Therefore, Lacey's testimony in this regard is admissible.

Based on the foregoing, the Plaintiff respectfully requests that the court deny the Defendant's Second Motion In Limine in its entirety.

                                        Respectfully submitted,
                                        s/Roderick T. Cooks
                                        Counsel for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203

Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by Electronic Mail:

Randall Morgan, Esq.
Hilll, Hill, Carter, Franco,
Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600

Done this the 16th day of April, 2008.

/s/Roderick T. Cooks
Of Counsel