# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **NORMAN E. LACEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO: 3:06-CV-1145-MEF |
| | ) |
| **CITY OF AUBURN,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## THIRD MOTION IN LIMINE

Comes now the Plaintiff, Norman E. Lacey, in the above styled cause of action and would respond to the Defendant's Third Motion In Limine as follows:

1.  In its third motion in limine, the Defendant requests that the court exclude any evidence or testimony that Plaintiff now works in the Middle East/Iraq and/or regarding the conditions in which the Plaintiff currently works in Iraq. In the same breath, however, the Defendant wants to use the Plaintiff's overseas employment status to bolster its argument regarding the appropriate measure of damages in this matter.

2.  When a party opens up a subject ... the party cannot complain . . .if the opposing party introduces evidence on the same subject." *United States v. Bender,* 265

F.3d 464, 471 (6th Cir.2001) (quoting *United States v. Ramos,* 861 F.2d 461, 468-69 (6th Cir.1988)) (holding that defense counsel was permitted to cross-examine defendant about her prior drug conviction, notwithstanding district court's earlier order excluding such testimony, when defendant testified on direct examination that she had never sold drugs)..

3.   The Defendant is attempting to have it both ways in that it wants to use the Plaintiff's overseas employment status and the attendant wages as a sword against any back pay claim by the Plaintiff and at the same time as a shield to limit any testimony regarding the working conditions the Plaintiff endured to earn that money.  It would be fundamentally unfair to limit the Plaintiff's testimony as the Defendant requests, especially if, as anticipated, it is the Defendant's intent to explain to the jury that the Plaintiff made substantially more money than he would have if he had remained with it. *See Reilly v. Natwest Markets Group, Inc.,* 181 F. 3d 253, 266 (2nd Cir. 1999) (poor mouthing by corporate executive makes corporate wealth admissible); *Paul v. Farmland Industries, Inc.,* 37 F.3d 1274, 1277 (8th Cir. 1994) (plaintiff's testimony that but for defendant's actions he might still be working for former employer allows introduction of his personnel file showing he was on shaky ground).

Based on the foregoing, the Plaintiff respectfully requests that the court deny

the Defendant's Third Motion In Limine in its entirety.

        Respectfully submitted,
        s/Roderick T. Cooks
        Counsel for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by Electronic Mail:

Randall Morgan, Esq.
Hilll, Hill, Carter, Franco,
Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600

Done this the 16th day of April, 2008.

        /s/Roderick T. Cooks
        Of Counsel