**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NORMAN E. LACEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 3:06-CV-1145-MEF** |
| | ) | |
| **CITY OF AUBURN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPPOSITION TO DEFENDANT'S FIRST MOTION IN LIMINE

Comes now, Norman Lacey, in the above styled action and opposes the Defendant City of Auburn's First Motion In Limine.

Defendant seeks an order barring any evidence relating to front pay and claims of back pay after the time that plaintiff voluntarily resigned his employment. In the event of liability finding, an issue in this case will be what is the appropriate standard of damages. After not receiving the promotion at issue, Lacey agreed to accept an overseas position in Iraq. As the defendant notes, Lacey's total salary is more than he would have made in working for the City of Auburn. Defendant calculates the back pay at issue at $1,147.27

However, Lacey's situation in Iraq is tenuous and he may not remain in Iraq.

1

**Legal Argument**

"The purpose of the relief under federal employment anti discrimination laws

is "to make persons whole for injuries suffered on account of unlawful employment

discrimination" *U.S. E.E.O.C v. Massey, Yardley, Chrysler*, Plymouth, Inc. 117 F.3d

1244, 1251 (11th 1997); See also *Palasota v. Haggar Clothing* 499 F.3d 474,488 (5th

Cir. 2007)"The central purpose of the ADEA

is making the individual victim whole."

The Age Discrimination statute provides broad language giving courts the

authority, "**to grant such legal or equitable relief as may be appropriate to**

**effectuate the purposes of the act"** 42 U.S.C. 626(b). (emphasis added).

**Front Pay**

Front pay is available where reinstatement is no longer available. (*Loveless v.*

*John's Ford Inc.*, 232 Fed. Appx 229, 238  (4th Cir. 2007)("There is no precise

formula for determining whether an award of front pay should be made and discretion

rests with court.  Front pay is payment for lost future earnings.)

Courts have approved periods as long as fourteen years of front pay for  age

discrimination. (See *Tyler v. Bethlehem Steel Corporation* 958 F.2d 1176, 1189 (2nd

Cir. 1992)(Testimony supported present value of large front pay award and included

information that during some of the time period the plaintiff actually earned more then

he was projected to earn in the denied job).   Similarly, here Lacey is temporarily earning more money but he has acknowledged that he cannot remain ad infinitum in Iraq.  While, front pay awards involve some degree of speculation they are more than appropriate where reinstatement is not possible.

When it is not possible to put someone into a position, front pay is the reasonable alternative. See *Hager* at 489- approving three years of front pay where someone would have to be terminated to place the plaintiff into a position after a liability finding.

Here, given that another individual occupies the position Lacey sought and the City of Auburn's position is that Lacey is no longer eligible for employment with it, in-statement is not possible, in the event of a liability finding that front pay is warranted.

*Shealy v. City of Albany, Georgia,* 137 F. Supp. 2nd 1359, (M.D. Ga. 2001) cited by the defendant, notes, "Front pay, therefore is appropriate only when the other damages awarded will not fully compensate the plaintiff for his injury" and reinstatement is not possible.  Here, as the back pay is not significant, Lacey will not be fully compensated as the statute intended making front pay an appropriate alternative remedy.

In the event of liability finding, denying Lacey the opportunity to request front

3

pay will frustrate the broad purposes of the statute to make the victim whole.

Wherefore premises considered, Lacey requests that the City of Auburn First

Motion In Limine Be Denied.

Respectfully submitted,
/s/Roderick T. Cooks
Attorney for the Plaintiff


**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel:  (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all persons listed below by CMF/Electronic Mail and addressed to them as follows:

Randall Morgan, Esq.
Elizabeth Brannen Carter, Esq.
Hill, Hill, Carter, Franco,
Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600

Done this the 16th day of April, 2008.

/s/Roderick T. Cooks
Of Counsel